IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TIMOTHY WITHROW, individually,
and on behalf of all others similarly situated,

            Plaintiff,

v.                                     CIVIL  ACTION  NO.  3:09-1543

ENTERPRISE HOLDINGS, INC.,
d/b/a ENTERPRISE RENT-A-CAR
COMPANY, a foreign corporation,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Nasreen Taylor's Motion to Set Aside Dismissal Pursuant to Rule 60(d) [doc. no. 17], her Motion to Intervene [doc. no. 19], and her Motion for Expedited Hearing [doc. no. 18]. Also pending is Plaintiff Timothy Withrow's Motion for Leave to File Surreply [doc. no. 28]. For the following reasons, the Court **DENIES** all of the pending motions.

**I.
FACTUAL AND
PROCEDURAL HISTORY**

On December 2, 2009, Plaintiff, individually and on behalf of all others similarly situated, filed a Complaint in the Circuit Court of Mason County, West Virginia against Defendant Enterprise Holding, Inc. (EHI) d/b/a Enterprise Rent-A-Car Company, which has its principal place of business in Clayton, Missouri. In his Complaint, Plaintiff asserts that EHI sold cars to consumers across the United States which were not equipped with standard safety features. Plaintiff alleges

EHI's actions constitute fraudulent omission, fraudulent concealment, breach of contract, and unjust enrichment, and violated the Merchandising Practices Act of Missouri.

On December 23, 2009, EHI removed Plaintiff's action to this Court, and on December 30, 2009, EHI filed an Answer to the Complaint. Upon the submission of a Rule 26(f) report of the parties' planning meeting, the Court entered a Scheduling Order on February 18, 2010. Soon thereafter, on March 16, 2010, counsel for Plaintiff called the Court and informed the Court that the parties had reached a tentative global settlement of the case. He explained there were jurisdictional issues with the case being in West Virginia so the parties intended to dismiss this action and refile it in Missouri. He invited the Court to contact him if the Court had any concerns about how the parties intended to proceed. As this case was in the very initial stages of litigation, a class was never certified, and the parties were refiling a class action petition in Missouri, the Court expressed no concern over the dismissal. Therefore, on April 28, 2010, the parties signed and filed a joint a Stipulation of Dismissal of Action without Prejudice pursuant to Rule 41(a)(1)(A)(ii) of the

Federal Rules of Civil Procedure,[1] which required no action by this Court, and the case was terminated off the docket.

According to EHI, Plaintiff's original lawsuit named the wrong defendant. EHI states it is a parent holding company and it did not buy, rent, or sell any of the vehicles at issue in this litigation. The correct defendants are EHI subsidiaries which are located across the country over which this Court does not have jurisdiction. However, for purposes of settlement, the subsidiaries stipulated to jurisdiction in Missouri. Thus, under the Settlement Agreement executed on April 26 and 27, 2010, the Missouri Petition was to include "the same general claims asserted against EHI in the West Virginia Action," and those claims also would be asserted against the "EHI Entities that actually purchased and sold the vehicles at issue." *Class Action Settlement Agreement*, at 6. Pursuant to the agreement, the Class Action Petition then was filed in the Circuit Court of St. Louis

---

[1]Rule 41(a)(1)(A)(ii) provides:

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

    \*   \*   \*

**(ii)** a stipulation of dismissal signed by all parties who have appeared.

*Fed. R. Civ. P.* 41(a)(1)(A)(ii).

County Missouri, and Plaintiff filed a motion for preliminary approval of the class settlement, which was joined by EHI.

It appears that, unbeknownst to defense counsel, the day before the parties reached the tentative settlement, counsel for Ms. Taylor filed a similar action against EHI in the United States District Court for the Central District of California on March 15, 2010.  After the Settlement Agreement was executed, counsel for EHI states he informed counsel for Ms. Taylor of the settlement and served Ms. Taylor with the papers that were submitted to the Missouri court.  Ms. Taylor filed a motion to intervene in the Missouri action.  EHI and Plaintiff opposed the motion.  On May 26, 2010, the Missouri court held a hearing on the motion for preliminary approval of the settlement and Ms. Taylor's motion to intervene.  Ms. Taylor's counsel appeared at the hearing on her behalf, and the court entertained arguments.  On June 2, 2010, the Missouri court denied Ms. Taylor's motion and granted preliminary approval.  The Court ordered that notices be mailed to class members by July 30, 2010, and set a hearing for final approval of the settlement for November 10, 2010.  In response to the Missouri court's order, Ms. Taylor filed a petition for a writ of prohibition and/or mandamus in the Missouri Court of Appeals on June 14, 2010.  The motion was denied on June 30, 2010.

In the meantime, on June 2, 2010, EHI filed a motion for a stay the California district court action.  Later that same day, Ms. Taylor filed a motion for a preliminary injunction in the California district court seeking to prevent EHI from proceeding with the Settlement, in contravention to the Missouri court order.  On June 3, the district court continued a scheduling

conference until July 1, 2010, and stayed the matter until that time. On July 1, the district court held a hearing on both motions and granted EHI's motion to stay and denied as moot Ms. Taylor's motion for a preliminary injunction.

Having lost in both California and Missouri, Ms. Taylor now comes to this Court asking it to allow her to intervene and set aside the dismissal. Upon review, the Court denies both motions.

## II.
## MOTION TO SET ASIDE DISMISSAL

Ms. Taylor moves to set aside the dismissal pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure. Rule 60(d)(3) provides:

> **(d)** **Other Powers to Grant Relief**. This rule does not limit a court's power to:
>
> \* \* \*
>
> **(3)** set aside a judgment for fraud on the court.

*Fed. R. Civ. P.* 60(d)(3). Ms. Taylor asserts that the parties to this action have committed a fraud upon the Court by dismissing this action and filing in Missouri so the settlement would not be subject to the heightened scrutiny under the Class Action Fairness Act (CAFA). In addition, as the case was removed under CAFA, Ms. Taylor asserts it could not be dismissed under Rule 41, but was subject to Rule 23(e) of the Federal Rules of Civil Procedure. Both parties strongly refute Ms. Taylor's claims and insist that dismissal under Rule 41(a)(1)(A)(ii) was completely appropriate.

In considering Ms. Taylor's argument with respect to fraud, the Court finds that Ms. Taylor makes unsubstantiated allegations which are unfounded and factually incorrect. In her motion, Ms. Taylor asserts the parties did not inform this Court of the class action settlement before entering the voluntary dismissal. In his affidavit, counsel for Plaintiff avers that he orally informed the Court of the tentative settlement on March 16, 2010. The Court not only specifically recalls this phone call, but also recalls that counsel informed the Court there were jurisdictional issues which may require the parties to voluntarily dismiss the action here and refile in Missouri. This Court was in no way misled by counsel as to the tentative class action settlement, nor misled as to the jurisdictional issues. Plaintiff's counsel dutifully reported the relevant information to the Court. Thus, the Court finds Ms. Taylor's accusations that the parties withheld these facts from the Court completely erroneous.

Likewise, the Court finds Ms. Taylor's accusations that the parties fraudulently colluded to remove this action from federal court to avoid CAFA are woefully inadequate. The parties explained they dismissed this action here to bring the action in Missouri because this Court lacked jurisdiction over EHI's subsidiaries. The Court finds this explanation completely reasonable. Although Ms. Taylor believes such reasoning is pretextual and the parties simply manipulated the forum to avoid federal review, her assertion is pure speculation and certainly not sufficient to reopen this matter.

Ms. Taylor further argues this Court had a non-delegable duty to review the settlement under Rule 23(e), and the parties could not voluntarily dismiss the action under Rule 41.

In relevant part, Rule 23(e) provides "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." *Fed. R. Civ. P.* 23(e), in part. Ms. Taylor argues that under the Fourth Circuit's decision in *Shelton v. Pargo, Inc.*, 582 F.2d 1298 (4th Cir. 1978), the Court is required to apply Rule 23(e) because this case was brought as a class action. However, the Court finds *Shelton* inapposite here.

The Court notes that *Shelton* involved a situation in which a case was filed as a class action, but prior to certification of the class, the representative parties sought to settle their *individual* claims. The Fourth Circuit stated that representative parties cannot abandon their fiduciary role "if they have improperly used the class action procedure for their personal aggrandizement" or if it will result in prejudice to the putative class members. 582 F.2d at 1305. Thus, the Fourth Circuit held that a district "court must, after a careful hearing, determine what 'claims are being compromised' between the plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members." *Id.* at 1314. If the court determines the settling plaintiff has not abused the system and the putative class members will suffer no prejudice, then the court "may approve the settlement and dismissal without going through with a certification determination or requiring notice to be given to absent putative class members." *Id.*

In this case, the parties are not seeking to settle their individual claims to the detriment of the rest of the putative class. Rather, they voluntarily dismissed the entire case in order to bring the class action in Missouri so they could add additional defendants which this Court would

not have had jurisdiction over if the matter proceeded here. Clearly, adding the alleged responsible parties as defendants in the new action is to the benefit of the putative class, and the opposite likely would be true if the action remained here and the additional defendants could not be made part of the action. In addition, although there may be some differences between CAFA and the settlement procedure in Missouri, a fair hearing already is scheduled in the Missouri action in which Ms. Taylor, or any other putative class member, may voice their objections. This Court has no reason to believe that the Missouri court will not make every effort to ensure that a fair and just settlement is reached with respect to the class members.

Furthermore, the Court recognizes that Rule 23(e) was amended after *Shelton* was decided. In 2003, Rule 23(e) was amended to include the phrase "certified class." Prior to 2003, "[s]everal courts . . . had concluded the supervisory guarantees of the former Rule 23(e) applied in the pre-certification context." *Weiss v. Regal Collections*, 385 F.3d 337, 349 n. 21 (3rd Cir. 2004) (citation omitted). In amending the Rule, the Advisory Committee Notes stated that the amendment

> resolves the ambiguity in former 23(e)'s reference to dismissal or compromise of a "class action." That language could be–and at times was–read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by settlement, voluntary dismissal, or compromise.

Fed. R. Civ. P. 23(e) 2003 advisory committee note (emphasis added).[2] Since the amendment, several courts have held that "settlements or voluntary dismissals that occur before class

---

[2] In 2003, the relevant language appeared in Rule 23(e)(1)(A). In 2007, stylistic changes were made, and the "certified class" language now exists following the heading to Rule 23(e).

certifications are outside the scope of [Rule 23]." *Buller v. Owner Operator Indep. Driver Risk Retention Group, Inc.*, 461 F. Supp.2d 757, 764 (S.D. Ill. 2006) (quoting 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1797 (3d ed. 1998 & Supp. 2006)); *see also Logue v. Nissan N. Am., Inc.,* No. 08-2023-STA/dkv, 2008 WL 2987184, *3 (W.D. Tenn. July 30, 2008) (stating "voluntary dismissal without court order pursuant to Rule 41(a)(1) remains available to plaintiffs before their putative class is certified" (footnote omitted)); *Kurz v. Fidelity Mgmt. & Research Co.*, No. 07-CV-592-JPG, 2007 WL 2908918, *1 (S.D. Ill. Oct. 4, 2007) (finding "[b]ecause no class has been certified . . . the question of voluntary dismissal . . . is governed not by Rule 23 but by Rule 41"). In this case, the class was never certified. Thus, under the new Rule, there was no impediment to the parties voluntarily dismissing the action under Rule 41(a)(1)(A)(ii).

Ms. Taylor argues, however, that *Shelton* still applies despite the Rule change. In support, Ms. Taylor cites *Milligan v. Actavis, Inc.*, No. 2:09-cv-00121, 2009 U.S. Dist. Lexis 81663 (S.D. W. Va. Sept. 9, 2009). In that case, the Honorable Chief Judge Joseph R. Goodwin of this district recognized the Rule change, but determined he was obligated to apply *Shelton* until the Fourth Circuit revisited its decision in light of the amendment. 2009 U.S. Dist. Lexis 81663, at n.1. As stated above, however, this Court does not believe *Shelton* is applicable to this case and, even if it is, the Court finds Ms. Taylor has failed to demonstrate collusion by the parties or prejudice to the putative class members. Thus, the Court finds dismissal was proper, and the Court **DENIES** Ms. Taylor's Motion to Set Aside the Dismissal Pursuant to Rule 60(d).

### III.
### MOTION TO INTERVENE

Ms. Taylor also filed a Motion to Intervene pursuant to Rule 24(a) or (b) of the Federal Rules of Civil Procedure.[3] First, the Court finds that Ms. Taylor is attempting to intervene in a dismissed case which, for the reasons stated above, will not be reinstated. Thus, the motion in a very practical sense is moot. Second, the Court finds in any event that Ms. Taylor's Motion to Intervene is untimely.

---

[3]Rule 24 provides, in relevant part:

> **(a)** **Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> \*   \*   \*
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention.**
>
> **(1) In General.** On timely motion, the court may permit anyone to intervene who:
>
> \*   \*   \*
>
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.

*Fed. R. Civ. P.* 24, in part.

In this case, Ms. Taylor was fully aware of the dismissal of this action on April 28, 2010. Nevertheless, she waited until July 12, 2010, until she sought intervention in this case. Although Ms. Taylor was actively litigating the California and Missouri action, nothing prevented her from immediately filing her Motion to Intervene in this case. In addition, the Court finds no merit to her claim that she filed her motion as soon as believed her interests were not going to be protected by the existing parties. One of Ms. Taylor's primary concerns is that the Missouri state court action will not be controlled by CAFA. Clearly, Ms. Taylor knew CAFA was not going to apply to the Missouri action at the time it was filed. Finding no persuasive reason why this Court should allow Ms. Taylor to file her motion so long after the case was dismissed, the Court finds her delay unacceptable. Therefore, the Court **DENIES** her Motion to Intervene.

## IV.
## CONCLUSION

Accordingly, for the foregoing reasons, the Court **DENIES** Ms. Taylor's Motion to Set Aside Dismissal Pursuant to Rule 60(d) [doc. no. 17], **DENIES** her Motion to Intervene [doc. no. 19], and **DENIES** her Motion for Expedited Hearing [doc. no. 18]. The Court further **DENIES** Plaintiff Timothy Withrow's Motion for Leave to File Surreply [doc. no. 28] as it is unnecessary.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:     August 19, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE